IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § § § § § § § § § § | CIVIL ACTION NO. 6:20-cv-533 |
| Plaintiff, | | JURY TRIAL DEMANDED |
| v. | | |
| HUAWEI TECHNOLOGIES CO., LTD. and HUAWEI TECHNOLOGIES USA INC. | | |
| Defendants. | | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos" or "Plaintiff"), by and through its attorneys, files this Complaint for Patent Infringement against Defendants Huawei Technologies Co., Ltd. and Huawei Technologies USA Inc. (collectively "Huawei" or "Defendants") and alleges:

## **NATURE OF THE ACTION**

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq., including §§ 271, 281, 284, and 285.

## THE PARTIES

2. Brazos is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 606 Austin Ave, Ste 6, Waco, TX 76701.

3. On information and belief, Defendant Huawei Technologies Co., Ltd. is a Chinese corporation that does business in Texas, directly or through intermediaries, with a principal place of business at Bantian, Longgang District, Shenzhen 518129, People's Republic of China.

4. Upon information and belief, Defendant Huawei Technologies USA Inc. is a corporation organized and existing under the laws of Texas that maintains an established place of business at 2391 NE Interstate 410 Loop, San Antonio, TX 78217. Huawei Technologies USA, Inc. is authorized to do business in Texas and may be served via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

5. The Defendants operate under and identify with the trade name "Huawei." Each of the Defendants may be referred to individually as a "Huawei Defendant" and, collectively, Defendants may be referred to below as "Huawei" or as the "Huawei Defendants."

## JURISDICTION AND VENUE

6. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 284, and 285.

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has specific and general personal jurisdiction over each Huawei Defendant pursuant to due process and/or the Texas Long Arm Statute, because each Huawei

Defendant has committed acts giving rise to this action within Texas and within this judicial district. The Court's exercise of jurisdiction over each Huawei Defendant would not offend traditional notions of fair play and substantial justice because Huawei has established minimum contacts with the forum. For example, on information and belief, Huawei Defendants have committed acts of infringement in this judicial district, by among other things, selling and offering for sale products that infringe the asserted patent, directly or through intermediaries, as alleged herein.

9. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§1391(b), (c)(3), and 1400(b) because Huawei Technologies USA Inc. has committed acts of infringement in this judicial district and has a regular and established place of business in this judicial district and in Texas. As non-limiting examples, on information and belief, Huawei Technologies USA Inc. has sold or offered to sell the Accused Products in this judicial district and has employees or agents that operate Huawei equipment in this judicial district, including at 189 CR 265, Georgetown, TX 78626, 1150 S Bell Blvd, Cedar Park, TX 78613, 1399 S A W Grimes Blvd, Round Rock, TX 78664, 12335 IH 35, Jarrell, TX 76537, 1050 Rabbit Hill Rd, Unit #E, Georgetown, TX 78626, 1602 A W Grimes Blvd, Round Rock, TX 78664, 4120 IH 35 N, Georgetown, TX 78626, 900 CR 272, Leander, TX 78641, 1950 Crystal Falls Pkwy, Leander, TX 78641, 1101 N Industrial Blvd, Round Rock, TX 78681, 506 McNeil Rd, Round Rock, TX 78681, 3210 Chisholm Trail Rd, Round Rock, TX 78681, 112 Roundville Ln, Round Rock, TX 78664, 202 Central Dr W, Georgetown, TX 78628, 3595 E Hwy 29, Georgetown, TX 78626, 1402 W Welch St, Taylor, TX 76574, 3801 Oak Ridge Dr, Round Rock, TX 78681, 1957 Red Bud Ln #B, Round Rock, TX 78664, 6603 S Lakewood Dr, Georgetown, TX 78633, 500 W Front, Hutto, TX 78634.

# COUNT ONE - INFRINGEMENT OF
# U.S. PATENT NO. 6,882,267

10. Brazos re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

11. On April 19, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,882,627 ("the '627 Patent"), entitled "Methods and Apparatus for Selecting Multiple Paths Taking Into Account Shared Risk." A true and correct copy of the '627 Patent is attached as Exhibit A to this Complaint.

12. Brazos is the owner of all rights, title, and interest in and to the '627 Patent, including the right to assert all causes of action arising under the '627 Patent and the right to any remedies for the infringement of the '627 Patent.

13. Huawei makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this judicial district, products such as, but not limited to, Huawei routers with shared-risk-link-group (SRLG) related functions (collectively, the "Accused Products").

14. The Accused Products include Huawei NetEngine 40E series routers.

15. The Accused Products implement a method of selecting multiple paths through a network for efficient utilization of an interconnected set of network resources. The network may be represented by a network topology using a software-defined (SDN) architecture and optimized using Multiprotocol Label Switching (MPLS) Traffic Engineering (TE).



SDN Commercialization

With an SDN architecture, industry-leading Multiprotocol Label Switching (MPLS) and native IP network optimization technologies, NetEngine40E eliminates problems such as uneven traffic distribution, low bandwidth utilization, and low network convergence caused by repeated topology computations in the case of faults.

16. MPLS TE establishes label switched paths (LSPs) with which network traffic is transmitted along the specified of path from a source node to a destination:

**Definition**

MPLS TE establishes label switched paths (LSPs) based on constraints and conducts traffic to specific LSPs so that network traffic is transmitted along the specified path. The constraints include controllable paths and sufficient link bandwidth reserved for services transmitted over the LSPs. If resources are insufficient, higher-priority LSPs preempt resources, such as bandwidth, of lower-priority LSPs so that higher-priority services' requirements can be fulfilled preferentially. In addition, if an LSP fails or a node is congested, MPLS TE protects network communication using a backup path and the fast reroute (FRR) function. Using MPLS TE allows a network administrator to deploy LSPs to properly allocate network resources, which prevents network congestion. If the number of LSPs increases, a specific

17. The Accused Products provide a shared risk link group (SRLG) function to improve MPLS TE by selecting a network topology that helps backup and primary paths from overlapping over links with the same risk level:

**SRLG**

The shared risk link group (SRLG) functions as a constraint that is used to calculate a backup path in the scenario where CR-LSP hot standby or TE FRR is used. This constraint helps prevent backup and primary paths from overlapping over links with the same risk level, improving MPLS TE tunnel reliability as a consequence.

18. The Accused Products use the SRLG information to identify paths through the network topology:



Figure 4-30 Networking diagram for an SRLG

> The primary tunnel is established over the path PE1 → P1 → P2 → PE2 on the network shown in Figure 4-30. The link between P1 and P2 is protected by a TE FRR bypass tunnel established over the path P1 → P3 → P2.
>
> In the lower part of Figure 4-30, core nodes P1, P2, and P3 are connected using a transport network device. They share some transport network links marked in yellow. If a fault occurs on a shared link, both the primary and FRR bypass tunnels are affected, causing an FRR protection failure. An SRLG can be configured to prevent the FRR bypass tunnel from sharing a link with the primary tunnel, ensuring that FRR properly protects the primary tunnel.

19. In view of preceding paragraphs, each and every element of at least claim 1 of the '627 Patent is found in the Accused Products.

20. Huawei has and continues to directly infringe at least one claim of the '627 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without the authority of Brazos.

21. Huawei has received notice and actual or constructive knowledge of the '627 Patent since at least the date of service of this Complaint.

22. Since at least the date of service of this Complaint, through its actions, Huawei has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '627 Patent throughout the United States, including within this judicial district, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:

- https://e.huawei.com/us/products/enterprise-networking/routers/ne/ne40e
- https://support.huawei.com/enterprise/en/tool
- https://support.huawei.com/enterprise/en/doc/EDOC1000178173/
- https://support.huawei.com/enterprise/us/doc/EDOC1100027154/
- https://support.huawei.com/enterprise/us/doc/EDOC1100087993/
- https://www.scribd.com/document/239082836/Configuration-Guide-MPLS-V600R003C00-02

23. Since at least the date of service of this Complaint, through its actions, Huawei has contributed to the infringement of the '627 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the '627 Patent. The Accused Products are especially made or adapted for infringing the '627 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least one claim of the '627 Patent.

## JURY DEMAND

Brazos hereby demands a jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Brazos respectfully requests that the Court:

(A) Enter judgment that Huawei infringes one or more claims of the '627 Patent literally and/or under the doctrine of equivalents;

(B) Enter judgment that Huawei has induced infringement and continues to induce infringement of one or more claims of the '627 Patent;

(C) Enter judgment that Huawei has contributed to and continues to contribute to the infringement of one or more claims of the '627 Patent;

(D) Award Brazos damages, to be paid by Huawei in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by Huawei of the '627 Patent through the date such judgment is entered in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

(E) Declare this case exceptional pursuant to 35 U.S.C. §285; and

(F) Award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: June 17, 2020

Respectfully submitted,

*/s/ James L. Etheridge*

James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Travis L. Richins
Texas State Bar No. 24061296

ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Travis@EtheridgeLaw.com

**COUNSEL FOR PLAINTIFF**