IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A | § | CIVIL ACTION 6:20-cv-00533-ADA |
| BRAZOS LICENSING AND | § | CIVIL ACTION 6:20-cv-00534-ADA |
| DEVELOPMENT, | § | CIVIL ACTION 6:20-cv-00535-ADA |
| *Plaintiff*, | § | CIVIL ACTION 6:20-cv-00536-ADA |
| | § | CIVIL ACTION 6:20-cv-00537-ADA |
| | § | CIVIL ACTION 6:20-cv-00538-ADA |
| v. | § | CIVIL ACTION 6:20-cv-00539-ADA |
| | § | CIVIL ACTION 6:20-cv-00540-ADA |
| | § | CIVIL ACTION 6:20-cv-00541-ADA |
| HUAWEI TECHNOLOGIES CO., | § | CIVIL ACTION 6:20-cv-00542-ADA |
| LTD. and HUAWEI | § | CIVIL ACTION 6:20-cv-00543-ADA |
| TECHNOLOGIES USA INC., | § | CIVIL ACTION 6:20-cv-00544-ADA |
| *Defendants*. | § | |

## JOINT MOTION TO ENTER SCHEDULING ORDER

**TO THE HONORABLE COURT:**

Pursuant to the Court's Order to meet and confer in advance of the Rule 16 case management conference and the Court's Order Governing Proceedings ("OGP"), the Parties have conferred on a proposed scheduling order, modifications to the discovery limitations set forth in the OGP, and patent "groupings" for the *Markman* proceedings. The Parties have agreed on a proposed scheduling order pre-*Markman*, on modified discovery limitations across the twelve cases referenced above, and patent groupings relating to the *Markman* proceedings. The Parties have been unable to come to agreement on the need to set trial dates and schedules post-*Markman*. As such, and pursuant to the OGP, the Parties set forth their competing positions on a post-*Markman* schedule for the twelve cases referenced above.

Plaintiff's Proposed Scheduling order is attached as **Exhibit A**. Defendants' Proposed Scheduling Order is attached as **Exhibit B**. The Parties' Jointly Proposed Discovery Order is

attached as **Exhibit C**. The Parties' Jointly Proposed *Markman* Procedure is attached as **Exhibit D**. The Parties respectfully request entry of **Exhibits C and D**.

The parties agree on the dates for all deadlines before the *Markman* hearings set for April 15-16, 2021. In accordance with the OGP, the Parties briefly set forth below their respective positions on the case deadlines following the *Markman* hearings.

**Plaintiff's Position:**

Plaintiff's Proposed Scheduling Order (Exhibit A) adopts the Court's Default Schedule and includes dates based on the Court's Default Schedule post *Markman*. Defendant contends proposing dates past the Markman hearing is improper and instead requests a status conference with the Court after the Markman to determine the balance of case deadlines. Not only is Defendants' proposal inefficient and wasteful of the Court's time, but also a delay tactic designed to enhance Defendants' likely pending IPR challenge. In particular, the Patent Trial and Appeals Board considers the relative trial schedule against the IPR schedule when determining whether to institute trial. *See e.g., NHK Spring Co., Ltd. v. Intri-plex Technologies*, IPR2018-00752, Paper No. 8 (P.T.A.B. Sept. 12, 2018)(precedential)(the Board denied institution under § 314(a) where the parallel district court proceeding was scheduled to finish six months before the Board would have reached a final decision in an IPR if one were instituted) and *Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper 11 at 2–3 (PTAB Mar. 20, 2020) (informative) ("*NHK* applies to the situation where the district court has set a trial date to occur earlier than the Board's deadline to issue a final written decision in an instituted proceeding."). Without the existence of a trial schedule, the Defendants would be allowed to argue to the PTAB that there is no trial scheduled and that the IPR should proceed accordingly.

Moreover, the Court has already addressed a similar issue in *WSOU v. Microsoft*, 6:20-cv-00454, in which the Court adopted WSOU's proposed schedule across all related cases. *See also Far North Patents, LLC v. NXP USA, Inc.,* 1-20-cv-00397 (WDTX) (8/1/2020 text-only docket entry) ("After careful review, the Court adopts Plaintiff's version given that it more closely tracts the Court's default schedule and Defendants have not provided sufficient reasons to depart from that.").

**Defendants' Position:**

Defendants propose that the post-*Markman* schedule (or schedules) for the twelve separate cases brought by Plaintiff against Defendants be determined at the conclusion of the *Markman* hearings (currently set for April 15-16, 2021), or at a status conference to be held soon after the conclusion of the *Markman* hearings. Such an approach provides flexibility and addresses the plain fact that twelve separate cases – involving twelve unrelated patents asserted against scores of unrelated (and non-overlapping) products – cannot be tried on the same days. Thus, an evaluation of the viability, scope, and needs of the individual cases post-*Markman* will allow the parties to propose and the Court to set a consolidated schedule, semi-consolidated schedules, or individualized schedules for the cases going forward, including for trial.

Plaintiff recognizes the value in "grouping" these twelve cases for certain purposes, as it is currently proposing that certain cases (and corresponding patents) be grouped for purposes of the identification of claim terms requiring construction, *Markman* briefing, and *Markman* hearings. *See* Exhibit D, attached hereto. Plaintiff further recognizes that after *Markman* is the appropriate time to determine the needs and corresponding schedules (and possible groupings) for these dozen cases. Specifically, in the Joint Motion to Enter Scheduling Order filed in Plaintiff's twelve cases asserted against Microsoft Corporation, Plaintiff argued that "[a]ny consideration of staggering the

case schedules should wait until after *Markman* and after there has been some discovery, as *Markman* and discovery will inform: (1) whether staggering is necessary or helpful; and if so (2) which cases require more or less time to prepare (including time for fact and expert discovery)." *See, e.g.*, Case 6:20-cv-00462-ADA, Dkt. 28. Defendants agree fully with Plaintiff's argument, and suggest that the same approach be used in these twelve cases.

Defendants accordingly request that the Court adopt the parties' jointly-proposed schedule for the deadlines up to and including the *Markma*n hearings, and that the parties and the Court thereafter determine the balance of the case schedule(s), taking into account the considerations outlined by Plaintiff above. Defendants thus request the Court to adopt Exhibit B, attached hereto.

DATED:  October 30, 2020

Respectfully submitted,

By:   */s/ James L. Etheridge*
Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
**Law Firm of Walt, Fair PLLC.**
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

James L. Etheridge
Texas Bar No. 24059147
Ryan S. Loveless
Texas Bar No. 24036997
Brett A. Mangrum
Texas Bar No. 24065671
Travis L. Richins
Texas Bar No. 24061296
Jeff Huang
Etheridge Law Group
2600 E. Southlake Blvd., Suite 120/324
Southlake, Texas 76092
Tel.: (817) 470-7249
Fax: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com

Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Jeff@EtheridgeLaw.com

*Counsel for Plaintiff WSOU Investments, LLC*


*/s/ Jason W. Cook*
Jason W. Cook
Texas Bar No. 24028537
Shaun W. Hassett
Texas Bar No. 24074372
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
Telephone: (214) 932-6400
jcook@mcguirewoods.com
shassett@mcguirewoods.com

Tyler T. VanHoutan
Texas Bar No. 24033290
**MCGUIREWOODS LLP**
600 Travis St., Suite 7500
Houston, TX 77002
Telephone: (713) 571-9191
tvanhoutan@mcguirewoods.com

J. Mark Mann
Texas Bar No. 12926150
G. Blake Thompson
Texas Bar No. 24042033
**MANN | TINDEL | THOMPSON**
300 West Main Street
Henderson, Texas 75652
Telephone: (903) 657-8540
mark@themannfirm.com
blake@themannfirm.com

*Counsel for Defendants Huawei Technologies Co., Ltd., Huawei Technologies USA, Inc., Huawei Device Co. Ltd. (f/k/a Huawei Device (Dongguan) Co.), Huawei Device (Shenzhen) Co., Ltd. (f/k/a Huawei Device Co. Ltd.) and Huawei Device USA*

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE]- Document Filing System, to all counsel of record, on this the 30th day of October 2020.

>　　　　　　　　　　　　　　　*/s/ James L. Etheridge*
>　　　　　　　　　　　　　　　James L. Etheridge